UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NELSON MERCED,

                Plaintiff,

                                **MEMORANDUM AND ORDER**
                                14-CV-6285 (WFK)

                -against-

THE CITY OF NEW YORK; THE DEPARTMENT
OF CORRECTION; C.O. JOHN DOE,

                Defendants.
------------------------------------------------------------x
**WILLIAM F. KUNTZ, II, United States District Judge**

Plaintiff Nelson Merced, currently being held at the Manhattan Detention Complex, brings this *pro se* action under 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, Plaintiff's claims against the New York City Department of Correction and the City of New York are dismissed. Plaintiff's claims against Correction Officer John Doe shall proceed.

## FACTUAL BACKGROUND

In the Complaint, Plaintiff alleges that at approximately 10:15 a.m. on August 12, 2014, he was assaulted at the George Motchan Detention Center ("GMDC") by six inmates. Dkt. 1 ("Compl.") at 3. Plaintiff "yelled for the correction officer for help but he was nowhere to be found." *Id.* Plaintiff states that he "[r]eceived six sutures under [his] left eyebrow, a stab wound to [the] right side of [his] forehead area, [and] a slight fracture on [his] right cheek area." *Id.* Plaintiff seeks monetary damages. *Id.* at 5.

## LEGAL STANDARD

Because *pro se* complaints are held to less stringent standards than pleadings drafted by

1

attorneys, the Court is required to read Plaintiff's *pro se* Complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the Complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Further, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 n.1 (2d Cir. 1999) (noting that under the PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted, but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

To the extent that Plaintiff seeks to name the New York City Department of Correction as a defendant, his claim fails. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. The New York City Department of Correction is an agency of the City of New York that lacks independent legal existence and is not a suable entity. *See, e.g., Lopez*

2

*v. Zouvelos*, No. 13-CV-6474, 2014 WL 843219, at *2 (E.D.N.Y. Mar. 04, 2014) (Brodie, J.) (dismissing all claims against the NYDOC as a non-suable entity); *Henderson v. Kelly*, No. 13-CV-5738, 2014 WL 689046, at *1 (E.D.N.Y. Feb 20, 2014) (Gleeson, J.) (same).

In addition, to the extent that Plaintiff seeks to bring a claim against the City of New York, his claim must be dismissed. Plaintiff fails to allege facts demonstrating that an officially adopted policy or custom of the City of New York caused a violation of his federally protected rights, as required to maintain a claim against the municipal entity. *See Bd. of County Comm'rs of Bryan County, OK v. Brown*, 520 U.S. 397, 403-04 (1997); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). "[T]o hold a city liable under section 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. and N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (internal quotation marks omitted); *see also Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) (stating that a mere assertion of a custom or policy is not sufficient to sustain a § 1983 claim against a municipal defendant in the absence of any allegations of fact). Although Plaintiff names the City of New York in the caption of his Complaint, he does not allege any facts in the body of his Complaint to support a *Monell* claim. *See Dudley v. Meekins*, No. 13-CV-1851, 2013 WL 1681898, at *4 (E.D.N.Y. April 17, 2013) (Garaufis, J.) ("Plaintiff's Complaint cannot reasonably be interpreted to allege facts sufficient to show that any alleged injury was caused by any policy or custom of the City.").

## CONCLUSION

Accordingly, all claims against the New York City Department of Correction and City of New York are dismissed. 28 U.S.C. §§ 1915A. No summons shall issue as to these Defendants, and the Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

However, Plaintiff's claims shall proceed against Correction Officer John Doe. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Court requests that the Corporation Counsel of the City of New York ascertain the full name of the John Doe who was allegedly involved in the events alleged in the Complaint. Corporation Counsel is also requested to provide the address where this Defendant can currently be served.

Corporation Counsel need not undertake to defend or indemnify the John Doe Defendant at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve the Defendant as instructed by the Second Circuit in *Valentin*. Corporation Counsel is further requested to produce the information specified regarding the identity of this Defendant within forty-five days from the entry of this Order. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full name of the Defendant and the Court shall direct additional service accordingly.

The Clerk of Court shall mail a copy of this Order and the Complaint to the New York City Law Department's Federal Litigation Unit and to Plaintiff. The United States Marshals Service is also directed to serve the attached Local Rule 33.2 Interrogatories and Request for Production of Documents upon the Defendant.

The case is referred to Magistrate Judge Azrack for pretrial supervision. Plaintiff's application for the Court to request pro bono counsel is denied without prejudice. *See* Dkt. 4. The

Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/S/ Judge William F. Kuntz, II
WILLIAM F. KUNTZ, II
United States District Judge

Dated: November 3, 2014
    Brooklyn, New York